**James J. LENNON, Jr., Plaintiff,**

v.

**Ann Marie FINEGAN, individually, and Metro–North Commuter Railroad, Defendant.**

**No. 97 Civ. 9394 BDP.**

United States District Court,
S.D. New York.

Jan. 6, 2000.

Jane Gould, Lovett & Gould, White Plains, NY, for plaintiff.

Carla Walworth, Robert A. Stevenson, Paul Hastings Janofsky & Walker, New York City, for defendant Metro–North.

**MEMORANDUM DECISION
AND ORDER**

BARRINGTON D. PARKER, JR., District Judge.

By Notice of Motion dated October 26, 1999, defendant Metro–North Commuter

Railroad ("Metro–North") moves pursuant to Rule 12(b)(1) Fed.R.Civ.P. to dismiss claim 5 for lack of subject matter jurisdiction on the ground that the claim is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151a. *See Hawaiian Airlines v. Norris,* 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994).

Following the completion of pre-trial proceedings, defendant Metro–North previously moved for summary judgment. *See* Fed.R.Civ.P. 56. In an Opinion dated July 21, 1999, this Court granted in part, and denied in part, Metro–North's motion, dismissing all claims except Lennon's claim that Metro–North retaliated against him as a consequence of his filing an EEOC claim alleging discrimination on the basis of disability. Familiarity with that Opinion and with the record on which it is based is assumed.

In essence Lennon's claim of retaliation is that he was improperly subjected to a medical suspension following his failure to cooperate with Metro–North's efforts to require him to submit to medical examinations to verify the nature and extent of a claimed job-related injury. Metro–North contends that the relevant provisions of the Collective Bargaining Agreement ("CBA") between Metro–North and the Metropolitan Transportation Authority authorized the suspension. Lennon, on the other hand, contends that the suspension was not authorized by the CBA, was unprecedented and was in retaliation for the filing of the EEOC complaint.

■ Under *Norris,* preemption would be a possibility if Lennon's retaliation claim were a state law claim the resolution of which required the Court to interpret the CBA. *Norris,* 512 U.S. at 256–257, 114 S.Ct. 2239. Defendant's heavy reliance on *Norris* and cognate cases considering RLA preemption in the context of state law claims is somewhat misplaced. This case does not involve a collision between shop law or state law and federal law. Rather it involves the tension between complementary bodies of federal legislation, *i.e.,*

the RLA and 42 U.S.C. § 12203. *See Bates v. Long Island Railroad Co.,* 997 F.2d 1028, 1035 (2d Cir.1993). The preemption doctrine does not govern questions relating to the compatibility of two or more federal laws. *Saridakis v. United Airlines,* 166 F.3d 1272, 1276 (9th Cir. 1999); *Felt v. Atchison Topeka and Santa Fe Railway Co.,* 60 F.3d 1416 (9th Cir. 1995).

The factual issue in this case that could well be dispositive is defendant's motive and intent in suspending Lennon. On the basis of the record before the Court, an inquiry into motive and intent would not necessarily require an interpretation of the collective agreement. In *Norris* the Supreme Court pointed out that the RLA does not preempt claims involving rights and obligations that exist independent of the CBA. *Norris,* 512 U.S. at 256, 114 S.Ct. 2239. *Shafii v. British Airways, PLC,* 83 F.3d 566, 569–570 (2d Cir.1996). "[T]he elements of an action for a retaliatory discharge—which primarily depend on a determination of the employer's motive for firing an employee—do not require an interpretation of the CBA." *Id.* at 570.

■ In any event, Lennon's right to be free from retaliation derives, not from state law but from federal law. That right exists independently of the CBA as well as of the RLA. Lennon could prevail on his retaliation claim were he to prove that (1) he was engaged in activity protected by the ADA; (2) Metro–North was aware of that activity; (3) an adverse employment action occurred; and (4) the protected activity—*i.e.,* the filing of an EEOC complaint—was a substantial motivating factor in the adverse employment action. *See Muller v. Costello,* 187 F.3d 298, 311 (2d Cir.1999).

■ The existence *vel non* of each of these factors depends not on the text of the CBA but on Metro–North's motivation in disciplining Lennon. Since no ·"actual interpretation" of the CBA is required to determine if the EEOC complaint was a

substantial motivating factor in plaintiff's suspension, the retaliation claim would not be "conclusively resolved by interpreting the existing CBA." *See Norris,* 512 U.S. at 256, 114 S.Ct. 2239; *Saridakis v. United Airlines,* 166 F.3d 1272; *Shafii,* 83 F.3d at 569.

The motion is denied.

**SO ORDERED.**